BEFORE THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAFAR H. KHAN,<br>  3101 Nestlewood Drive<br>  Oak Hill, Virginia  20171<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERTO R. GONZALES,<br> In His Official Capacity as<br> United States ATTORNEY GENERAL,<br>  950 Pennsylvania Ave., N. W.<br>  Washington, D. C.  20530-0001<br><br>    Defendant.<br><br><u>Also Serve:</u><br><br> U. S. Attorney for the District of Columbia<br> 555 4th Street, N. W.<br>  Washington, D. C.  20001-2733 | CIVIL ACTION<br><br>CASE NO. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**
(UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT
BASED UPON RACE, COLOR, RELIGION AND NATIONAL ORIGIN;
UNLAWFUL RETALIATION FOR PROTECTED EEO ACTIVITIES; AND UNLAWFUL
CONSTRUCTIVE DISCHARGE FROM FEDERAL EMPLOYMENT)

COMES NOW the Plaintiff in this matter, Mr. Zafar H. Khan, appearing by and through counsel, to respectfully file this Complaint against the aforenamed Defendant, and in furtherance hereof states as follows:

**I. JURISDICTION**

1.  Jurisdiction is vested in this Court pursuant to, <u>inter alia</u>, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section

1

2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Zafar H. Khan was discriminated against unlawfully in employment by the United States Government, and specifically by his employer, the Bureau of Alcohol, Tobacco, Firearms and Explosives, on the basis of his race (Asian), color (brown), Religion (Islam) and National Origin (India/Pakistan), as identified herein; that Plaintiff Khan was further unlawfully retaliated against in such employment for engaging in protected EEO activities, as identified herein; and that Plaintiff Khan was unlawfully and constructively discharged from his Federal employment.

## II.  VENUE

2.     Venue is proper before this Court because the Defendant maintains its Headquarters within the geographical boundaries of the District of Columbia; because Defendant's agency and the employer of Plaintiff (the Bureau of Alcohol, Tobacco, Firearms and Explosives) maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia; because adverse determinations and actions regarding Plaintiff Khan as stated and complained of herein were made within the boundaries of the District of Columbia; because Plaintiff Khan was assigned to duties under senior Agency officials located within the District of Columbia at the time of most of these adverse determinations and actions; and pursuant to 28 U.S.C. Section 1391(e).

## III.  PARTIES

3.  Plaintiff Zafar A. Khan is of Asian race, is of brown color, practices the religion of Islam, and has a Pakistan/Indian national origin.  For all times relevant herein, Plaintiff Khan has been employed as a Telecommunications Specialist, PD-391-2, in the Radio Communications Branch (RCB) of the Technical Services Division (TSD), Office of Science and Technology (OST), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), under the United States Department of Justice (hereinafter "DOJ"), with its Headquarters located at 9th Street and Pennsylvania Avenue, N. W., Washington, D. C. 20535.  Plaintiff currently resides at 3101 Nestlewood Drive, Oak Hill, Virginia  20171.  As an Asian-American, of brown color, practicing the Islamic religion and with a national origin of Pakistan/India,  Plaintiff Khan is a member of a protected class pursuant to the Civil Rights Act of 1964 (Title 42, U. S. Code Ann. Section 2000e, et seq.) and the Civil Rights Act of 1991 (Title 42, U. S. Code Ann. Section 1981, et seq.).

4.  Defendant Alberto R. Gonzales is the Attorney General of the United States.  Mr. Gonzales is the senior Executive Branch federal official responsible for the actions of the United States Department of Justice and its subsidiary agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  Two specific Equal Employment Opportunity (EEO) Agency complaints against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") are at issue in this Federal District Court Complaint.

6.  Agency Complaint No. E-03-0001 was timely filed with the Agency on September 17, 2003, and has as its subject Plaintiff Khan's allegations of unlawful discrimination based upon race (Asian), color (brown), religion (Islam), national origin (India/Pakistan), and unlawful retaliation for prior protected EEO activities.  At issue in this Agency Complaint were various specific acts of discrimination and retaliation which took place between June 20 and October 17, 2003, but which had as their genesis a pattern of discriminatory treatment existing well prior to this period, and as early as 1999. Specific acts included in the first Agency Complaint were, inter alia, a hostile and discriminatory work environment against Asian and Middle Eastern personnel, an unlawful and inappropriate suspension from employment, a relief from certain professional responsibilities, the suspension from use of his vehicle for employment, and the establishment of an adverse and discriminatory employment Performance Improvement Plan (PIP), under which Plaintiff Khan was placed.

7.  A Report of Investigation of Plaintiff Khan's first Agency Complaint was submitted to the Agency on May 3, 2004.

8.  Agency Complaint No. E-04-0044 was timely filed with the Agency on June 26, 2004, and has as its subject Plaintiff Khan's allegations of unlawful discrimination based upon race (Asian), religion (Islam), national origin (India/Pakistan), and unlawful retaliation for prior protected EEO activities.  At issue in this Agency Complaint were various acts of discrimination and retaliation which took place prior to and on April 9, 2004, and which continued the pattern of unlawful discriminatory and retaliatory treatment of Plaintiff which had been alleged in Plaintiff Khan's first EEO Complaint.  The specific acts included in the second Agency Complaint included a

continuation of a discriminatory and hostile work environment, and various unlawful and inappropriate Agency actions resulting in Plaintiff Khan being forced to resign from Government and Agency employment on April 9, 2004, under the threat of being terminated for cause.

9. A Report of Investigation of Plaintiff Khan's second Agency EEO Complaint was submitted to the Agency on February 7, 2005.

10. The two cited Agency EEO Complaints subsequently were merged and consolidated by direction of a United States Equal Employment Opportunity Commission (EEOC) Administrative Judge, through an Order dated April 28, 2005.

11. Subsequent to the completion of both Agency EEO investigations, the issues presented were forwarded for a Final Agency Decision to the United States Department of Justice, under DJ Number 187-9-29.

12. The United States Department of Justice Complaint Adjudication Office issued a Department of Justice Final Decision dated August 16, 2005, which denied all claims raised by Plaintiff Khan through Agency EEO Complaint Nos. E-03-0001 and E-04-0044.

13. This United States District Court Complaint is timely filed within thirty (30) days after receipt by Plaintiff Khan of the Department of Justice Final Decision regarding his EEO cases.

## V. BACKGROUND

14. Prior to the EEO-related actions complained of herein, Plaintiff Khan engaged in prior protected EEO activities as an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). These prior protected EEO activities included

Plaintiff Khan's raising with management and supervisory personnel issues pertaining to discriminatory treatment of minority employees within the ATF workplace, including actions directed against Asian and Middle Eastern employees following the National and world-wide incidents of September 11, 2001.

15. Prior to the discriminatory and retaliatory EEO actions described herein, Plaintiff Khan had engaged in a successful career as an ATF Telecommunications Specialist, PD-391-2, in the Radio Communications Branch (RCB) of the Technical Services Division (TSD), Office of Science and Technology (OST). Specifically, Plaintiff Khan had successfully performed all assigned functions in the provision of technical support and assistance for Land Mobile Radios (LMR) within ATF's Baltimore Field Division and affiliated offices.

16. While serving with ATF in his assigned position, Plaintiff Khan routinely was lauded for his professional accomplishments, received uniform and continuous satisfactory or better annual and periodic performance appraisals, and in all form and manner was adjudged an accomplished and successful Federal employee.

17. At the initial period during which Plaintiff Khan's allegations of unlawful discriminatory and retaliatory were occurring, including the 1999-2000 time frame involving denial of promotions and delays in training opportunities, Plaintiff Khan's immediate supervisor was Telecommunications Manager James Bowks (white male) and his senior supervisor was Telecommunications Branch Chief Brad Caldwell (white male).

18. In 2001, following the September 11, 2001, attacks by terrorists against the United States, Telecommunications Manager James Bowks made derogatory comments in the workplace environment regarding Muslims and made adverse comments

regarding Muslims' loyalty to the United States, comments directed in part at Plaintiff Khan.

19.     Telecommunications Manager Sam Ford (white male) assumed responsibilities as Plaintiff Khan's workplace supervisor later in 2001. Commencing with the time of his assignment as Plaintiff Khan's supervisor, Ford began treating Plaintiff Khan less favorably than Plaintiff's co-workers in the Radio Communications Branch. Such less favorable treatment extended to imposition of technical certification requirements, presentation of training opportunities and selection for training, assignment of less adverse job responsibilities, and continuing denial of promotion opportunities and selection. When such actions persisted, and in the presence of a continuing and more hostile work environment, Plaintiff Khan began to suspect that he was being discriminated against because of his race, color, religion and national origin, and he contacted an EEO counselor in March 2002.

20.     Continuing throughout 2002, Plaintiff Khan continued to suffer from Ford's continuing discriminatory and retaliatory treatment, including the assignment of Plaintiff Khan to tasks which were incompatible with Plaintiff's job description; Ford's continuing failure to provide Plaintiff with job training; Ford's refusal to provide promotion opportunities to Plaintiff Khan; and Ford's refusal to conduct in person office visits to Plaintiff Khan's work location in order to learn about telecommunications projects Plaintiff had completed, and to learn about the work being done by Plaintiff Khan at his work-site location. Other complaints raised by Plaintiff Khan during this period were that he was constantly being subjected to increased harassment; demeaning treatment in comparison with co-workers; and the creation of a continuing hostile work

environment caused by Manager Ford's adverse, discriminatory and derogatory treatment of Plaintiff Khan as his immediate supervisor.

21. In March 2003, Manager Ford informed Plaintiff Khan that he was giving Plaintiff an unsatisfactory mid-year performance evaluation, and that he had observed that Plaintiff Khan was unable to perform the basic functions of his job. These comments were made by Ford despite the uniform praise Plaintiff Khan had received for his workplace performance prior to the arrival of Ford as his supervisor; and despite the fact that Ford had no direct knowledge of Khan's work activities or performance at his job site.

22. As a further demeaning act, Plaintiff Khan was placed by Ford on a Performance Improvement Plan (PIP) in June 2003, even though Plaintiff Khan was continuing to perform his professional responsibilities in a excellent manner; was more educated and technically experienced than his co-workers; and had more job responsibilities than many of his co-workers of comparable grade and position.

23. Moreover, despite placing Plaintiff Khan on a PIP, Ford continued to give to Plaintiff Khan vague and confusing instructions as to what his requirements for improvement were, and further continued to refuse to visit Plaintiff Khan's workplace to actually view his work performance.

24. Plaintiff Khan also was suspended without pay from his work employment during the period of September 15-22, 2003, based upon a minor traffic citation he received in June 2002 while traveling in his assigned government vehicle. Besides being far beyond the period of the alleged violation, Plaintiff's adverse and punitive disciplinary treatment was far more adverse than other ATF employees who had been

8

alleged to have committed similar minor vehicle traffic violations while operating ATF vehicles. Such adverse disciplinary treatment was a further act of Agency discrimination and retaliation against Plaintiff Khan.

25. Subsequently, in approximately November 2003, Plaintiff Khan was physically assaulted by an ATF co-worker in the workplace. The co-worker made statements to Plaintiff Khan that indicated he was upset that he was being assigned to handle Plaintiff's workplace responsibilities, and pushed Plaintiff physically. Plaintiff Khan raised objections to such treatment, and attributed the minor disciplinary action eventually taken against the co-worker to a continuation of the adverse and hostile work environment which had been created by his supervisors against Plaintiff.

26. Plaintiff Khan also had additional workplace responsibilities removed without justification by Manager Ford commencing in December 2003, with Ford placing Plaintiff Khan on administrative duty on December 1, 2003. Additionally, Plaintiff Khan was prohibited from performing radio communications work, and was forced to surrender his government vehicle, his credentials, his cellular phone, and all equipment and tools. Manager Ford also put Plaintiff Khan on a restricted work schedule, prohibiting Plaintiff Khan from earning overtime.

27. In addition, Manager Ford prevented Plaintiff Khan from preparing and submitting a response to the aforestated adverse job actions by blocking Plaintiff Khan's remote access to e-mail and prohibiting Plaintiff Khan from taking home his government-issued laptop computer.

28. Subsequently, Plaintiff Khan was forced to resign his government employment in April 2004 based upon further unsubstantiated allegations of poor

performance as a result of his PIP. Specifically, on April 8, 2004, Plaintiff Khan was presented with a "Decision to Remove for Unsatisfactory Performance."

29. The reasons set forth in the "Decision to Remove" correspondence were false, biased, discriminatory and retaliatory against Plaintiff Khan.

30. As a result of receiving the "Decision to Remove" correspondence, and having no practical alternatives to finding alternative employment, Plaintiff Khan submitted a document to ATF stating his resignation from the Agency.

31. The forced termination of Plaintiff Khan occurred after Plaintiff Khan had performed U.S. Government service for a career total of over 19 years. The actions taken by ATF were purposefully taken to deny to Plaintiff Khan the opportunity to earn retirement credit and eventual retirement pay for his extended civilian Government service, and are further indicative of the attitude and practice of unlawful discrimination and retaliation committed by ATF against Plaintiff Khan.

32. Prior to the arrival of Manager Ford at ATF as a direct supervisor of Plaintiff Khan in 2001, Plaintiff Khan had served as a civilian Government employee for over 16 years in a highly successful and fully satisfactory, with no record whatsoever of disciplinary or punitive action.

33. Following Plaintiff Khan's forced termination from Government service, ATF personnel coded his civilian personnel records to indicate to prospective employers that Plaintiff Khan had resigned from his job, to wit: "under threat of termination." This designation was specifically placed on Plaintiff Khan's civilian personnel records to continue the program and pattern of unlawful discriminatory and retaliatory treatment

against him by precluding his further opportunities for employment with the United States Government, Government contractors, and other prospective employers.

34. The actions taken by the Agency to force Plaintiff Khan's resignation from ATF were in violation of Government employment regulations and Agency practices and procedures pertaining to the proper processing, treatment and removal of employees from their tenured employment.

35. As a result of the adverse employment actions predicated on unlawful discrimination and retaliation as stated herein, Plaintiff Khan has been irreparably damaged in his employment opportunities and has lost actual and prospective income and prospective retirement income.

36. Additionally, as a result of the adverse employment actions predicated on unlawful discrimination and retaliation as stated herein, Plaintiff Khan has suffered emotional trauma, depression, sleeplessness, loss of personal esteem, and other long-term and short-term physical, psychological and emotional ailments.

### COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE, COLOR, RELIGION and NATIONAL ORIGIN

37. Paragraphs 1-36 are herein incorporated by reference.

38. As a result of the aforestated unlawful discrimination based upon his race, color, religion and national origin, Plaintiff Khan was subjected to unlawful discriminatory treatment through the failure of the ATF to timely promote him; failure to treat Plaintiff fairly and lawfully within the workplace; failure to accurately and fairly evaluate his job performance and accomplishments; failure to sustain and maintain for Plaintiff a work environment free from unlawful harassment and discrimination; through the Agency's administration of false and overly severe disciplinary actions; through the

deprivation of Plaintiff of routine and ordinary workplace courtesies and tools required for the successful completion of his duties; through the false and pretextual placement of Plaintiff Khan on a Performance Improvement Plan (PIP), and subsequently to extend and retain in place such PIP; and through the false and pretextual elimination of Plaintiff Khan from further Government service through the issuance of a Decision to Remove Plaintiff from further Government employment; and through the inappropriate and retaliatory coding of Plaintiff's civilian personnel records to indicate to prospective employers that Plaintiff had been removed from employment under threat of termination.

39. The unlawful discriminatory actions of the Defendant and its subordinate Agency had a direct negative economic and financial impact and effect on Plaintiff Khan through the denial of past and prospective pay, benefits and allowances which would have resulted from his selection and promotion to positions for which he was qualified, and through the denial of past and prospective pay, benefits and allowances resulting from his termination from employment in April 2004. Such adverse impact includes back pay, with interest, and front pay for the period commencing in approximately April 2004 through at least the year 2015, and retirement pay commencing in approximately 2015.

40. Additionally, because of the unlawful discrimination based upon race, color, religion and national origin cited herein, Plaintiff Khan has suffered and will continue to suffer from lost personal esteem, personal stress, and mental pain and suffering.

## COUNT II – UNLAWFUL RETALIATION

41. Paragraphs 1-40 are herein incorporated by reference.

42.     As a result of the aforestated unlawful retaliation based upon his prior protected EEO activities, Plaintiff Khan was subjected to unlawful retaliatory treatment through the failure of the ATF to timely promote him; failure to treat Plaintiff fairly and lawfully within the workplace; failure to accurately and fairly evaluate his job performance and accomplishments; failure to sustain and maintain for Plaintiff a work environment free from unlawful harassment and discrimination; through the Agency's administration of false and overly severe disciplinary actions; through the deprivation of Plaintiff of routine and ordinary workplace courtesies and tools required for the successful completion of his duties; through the false and pretextual placement of Plaintiff Khan on a Performance Improvement Plan (PIP), and subsequently to extend and retain in place such PIP; and through the false and pretextual elimination of Plaintiff Khan from further Government service through the issuance of a Decision to Remove Plaintiff from further Government employment; and through the inappropriate and retaliatory coding of Plaintiff's civilian personnel records to indicate to prospective employers that Plaintiff had been removed from employment under threat of termination.

43.     The unlawful retaliatory actions of the Defendant and its subordinate Agency had a direct negative economic and financial impact and effect on Plaintiff Khan through the denial of past and prospective pay, benefits and allowances which would have resulted from his selection and promotion to positions for which he was qualified, and through the denial of past and prospective pay, benefits and allowances resulting from his termination from employment in April 2004.  Such adverse impact includes back pay, with interest, and front pay for the period commencing in approximately April 2004 through at least the year 2015, and retirement pay and benefits beyond that period.

44.     Additionally, because of the unlawful retaliatory treatment identified herein, Plaintiff Khan has suffered and will continue to suffer from lost personal esteem, personal stress, and mental pain and suffering.

## COUNT III – UNLAWFUL TERMINATION FROM U. S. GOVERNMENT EMPLOYMENT

45.     Paragraphs 1-44 are herein incorporated by reference.

46.     The forced and constructive termination of Plaintiff Khan from Federal employment with ATF constituted an invalid and illegal course of action in violation of applicable U.S. Government employment laws, regulations and guidelines, and was further in violation of applicable Agency regulations, policies and practices in place for the evaluation, discipline and removal from employment of such Government employees.

47.     Such unlawful termination had a direct negative economic and financial impact and effect through the denial to Plaintiff Khan of past and prospective pay, applicable past and future benefits and allowances for which he was and would have been qualified. Such adverse impact includes back pay, with interest, and front pay for the period commencing in approximately April 2004 through at least the year 2015, and retirement pay thereafter.

48.     Additionally, because of the unlawful termination identified herein, Plaintiff Khan has suffered and will continue to suffer from lost personal esteem, personal stress, and mental pain and suffering.

## PRAYER FOR RELIEF

49.     Paragraphs 1-48 are herein incorporated by reference.

WHEREFORE, Plaintiff Khan respectfully requests that this Court enter judgment against Defendant and grant Plaintiff the following relief:

(1) Immediate reinstatement of Plaintiff Khan to full-time ATF employment, with adjusted grade and step status commensurate with a fully satisfactory performance of duty from the period of 2001 to the date of reinstatement.

(2) Payment of all accrued back pay and allowances, with accrued interest at the legal rate of recovery, from the date of the Plaintiff Khan's termination from Government employment in April 2004 to the date of reinstatement.

(3) Should Plaintiff now be fully reinstated to Federal employment, payment of all front pay associated with the calculation of his earnings, including retirement, entitlement for the period through his reasonable expected lifetime.

(4) Adjustment of Plaintiff's personnel and finance records to reflect the continuation of employment beyond his termination date.

(5) Payment to Plaintiff of $300,000 in compensatory damages.

(6) Reimbursement and/or payment of reasonable attorneys' fees and the costs and expenses of this litigation, based upon law and applicable <u>Laffey</u> standards pertinent to the District of Columbia.

(7) Such additional relief as this Honorable Court may grant.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Respectfully submitted,

_____
Michael W. Beasley, Esq.
D. C. Bar No. 248930
411 East Broad Street
Falls Church, Virginia  22046
Phone:  (703) 241-2909; Fax:  (703) 241-5885
E-Mail:  "beasleys@erols.com"

On behalf of Plaintiff Zafar A. Khan

September 15, 2005

16