UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ZAFAR H. KHAN,                      )
                                   )
          Plaintiff,               )
                                   )
          v.                       )   Civil No. 05-1831 RWR
                                   )
ALBERTO GONZALES,                  )
  U.S. ATTORNEY GENERAL            )
  U.S. DEPARTMENT OF JUSTICE,      )
                                   )
          Defendant.               )
_____)

DEFENDANT'S ANSWER TO THE COMPLAINT

     Defendant, Alberto Gonzales, Attorney General, Department of

Justice (DOJ), through his undersigned counsel, answers the

Complaint as follows:

FIRST DEFENSE

     The Complaint fails to state a claim upon which relief can

be granted.

SECOND DEFENSE

     Plaintiff has failed to exhaust his administrative remedies

on all the claims raised in the Complaint.

THIRD DEFENSE

     Plaintiff has failed to mitigate his damages.

FOURTH DEFENSE

     In response to the numbered paragraphs of the Complaint,

defendant admits, denies or otherwise avers as follows:

JURISDICTION AND VENUE

1.- 2.  The allegations set forth in paragraphs 1-2 of the Complaint are plaintiff's jurisdictional and venue allegations to which no response is required.  To the extent a response may be deemed necessary, these allegations are denied.

PARTIES

3.  Defendant lacks knowledge or information sufficient to form a belief with respect to the plaintiff's assertions regarding his race, color, religion and national origin, or his "protected" status as a member of those groups.  Defendant denies that "at all times relevant" plaintiff has been employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives, DOJ.[1] Defendant lacks knowledge or information sufficient to form a belief with respect to the plaintiff's assertion of his current address.

4.  Defendant admits the allegations contained in paragraph 4, except to the extent that ATF is not an "agency" as defined under Title V of the U.S. Code.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  Paragraph 5 contains plaintiff's characterization of the case, to which no response is required.  To the extent a response

---

[1] Plaintiff resigned his position with the Agency on April 9, 2004.

may be deemed necessary, these allegations are denied.

6.  Defendant admits that Agency Complaint E-03-0001 was timely filed and that it alleged discrimination on the basis of race (Asian), color (brown), religion (Islam), national origin (Pakistani), and retaliation for protected EEO activity. Defendant denies that there were "various acts of discrimination and retaliation which took place," and that there existed a "pattern of discriminatory treatment" at any time.  Defendant denies that the complaint included a specific claim of "a hostile and discriminatory work environment against Asian and Middle Eastern personnel."  Defendant denies that plaintiff's suspension was "unlawful and inappropriate."  Defendant further denies that plaintiff's performance improvement plan ("PIP") was "adverse and discriminatory."  Defendant admits the complaint included allegations regarding plaintiff having been relieved of responsibilities, the suspension of his use of a government vehicle, and his placement on the PIP.

7.  Defendant admits the allegations contained in paragraph 7.

8.  Defendant admits that Agency Complaint E-04-0044 was timely filed and that it alleged discrimination on the basis of race (Asian), color (brown), religion (Islam), national origin (Pakistani) and retaliation for protected EEO activity.

3

Defendant denies that there were "various acts of discrimination and retaliation which took place," and that there existed a "pattern of discriminatory treatment" at any time. Defendant further denies that the complaint included a specific claim of "a discriminatory and hostile work environment." Defendant admits the complaint included an allegation that plaintiff was forced to resign on April 9, 2004.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

<u>BACKGROUND</u>

14. Defendant admits the allegations contained in paragraph 14, except that Defendant denies that minority employees were being subjected to discriminatory treatment within ATF.

15. Defendant denies the allegations contained in paragraph 15.

4

16.   Defendant denies the allegations contained in paragraph 16.

17.   Defendant denies that "unlawful discriminatory and retaliatory" acts occurred.  Defendant admits that in 1999 plaintiff's first-line supervisor was James Bowks and his second-level supervisor was Brad Caldwell.

18.   Defendant denies the allegations contained in paragraph 18.

19.   Defendant admits that Sam Ford assumed responsibilities as plaintiff's supervisor in late 2001.  Defendant denies the remaining allegations contained in paragraph 19, although defendant lacks knowledge or information sufficient to form a belief as to what plaintiff was thinking.

20.   Defendant denies the allegations contained in paragraph 20.

21.   Defendant admits that Ford gave plaintiff an unacceptable mid-year review in March 2003.  Defendant denies the remaining allegations contained in paragraph 21.

22.   Defendant admits that plaintiff was placed on a performance improvement plan ("PIP") in June 2003.  Defendant denies the remaining allegations contained in paragraph 22.

23.   Defendant denies the allegations contained in paragraph 23.

5

24.  Defendant admits that plaintiff was suspended without pay from September 15 through September 22, 2003.  Defendant denies the remaining allegations contained in paragraph 24.

25.  Defendant denies the allegations contained in paragraph 25.

26.  Defendant denies the allegations contained in paragraph 26.

27.  Defendant denies the allegations contained in paragraph 27.

28.  Defendant denies the allegations contained in paragraph 28.

29.  Defendant denies the allegations contained in paragraph 29.

30.  Defendant admits that plaintiff resigned from the agency but lacks knowledge or information sufficient to form a belief with respect to the plaintiff's motives for resigning as set forth in paragraph 30.

31.  Defendant denies the allegations contained in paragraph 36.

32.  Defendant denies the allegations contained in paragraph 32.

33.  Defendant denies the allegations contained in paragraph 33.

6

34.  Defendant denies the allegations contained in paragraph 34.

35.  Defendant denies the allegations contained in paragraph 35.

36.  Defendant denies the allegations contained in paragraph 36.

COUNT I

37.  Defendant incorporates by reference its answers to paragraphs 1-36 as set forth above.

38.  Defendant denies the allegations contained in paragraph 38.

39.  Defendant denies the allegations contained in paragraph 39.

40.  Defendant denies the allegations contained in paragraph 40.

COUNT II

41.  Defendant incorporates by reference its answers to paragraphs 1-40 as set forth above.

42.  Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44.  Defendant denies the allegations contained in paragraph

44.

COUNT III

45.    Defendant incorporates by reference its answers to paragraphs 1-44 as set forth above.

46.    Defendant denies the allegations contained in paragraph 46.

47.    Defendant denies the allegations contained in paragraph 47.

48.    Defendant denies the allegations contained in paragraph 48.

PRAYER FOR RELIEF

The remaining paragraphs consist of plaintiff's prayer for relief, to which no response is necessary.  To the extent that a response may be deemed to be necessary, defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever, and also denies each and every allegation not previously admitted, denied, or otherwise qualified.  Defendant further avers that any award of compensatory damages would be

subject to and limited by 42 U.S.C. § 1981a.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226