UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ZAFAR KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ALBERTO GONZALES,<br>  U. S. ATTORNEY GENERAL,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-1831<br>)<br>)   Chief Judge Thomas F. Hogan<br>)<br>)<br>)<br>)<br>)<br>) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the Parties hereby respectfully submit their Meet and Confer Statement, which is based upon telephonic meetings and exchanges of e-mail between Assistant United States Attorney Marina Utgoff Braswell, on behalf of Defendant, and Michael W. Beasley, Esq., counsel for Plaintiff, initiated on January 5, 2006.

This case was brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq.  Plaintiff Zafar Khan is a former employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a component of the United States Department of Justice ("DOJ"), working in the field of telecommunications specialist.  In this action, Plaintiff alleges unlawful discrimination in Federal employment based upon race (Asian), color (brown), religion (Islam) and national origin (India/Pakistan), unlawful retaliation for protected EEO activities, and unlawful constructive discharge.  Plaintiff Khan filed at the administrative level two Equal Employment Opportunity ("EEO") complaints against ATF, which were subsequently consolidated, and regarding which relief was denied by DOJ Final Agency Decision.

Plaintiff's first EEO Complaint alleged specific acts of discrimination (on the bases of race, color, religion and national origin) and unlawful retaliation. Specific acts alleged include an unlawful and inappropriate suspension from employment, relief from certain professional responsibilities, suspension of rights to operate his employee vehicle, and being placed unfairly and discriminatorily on a Performance Improvement Plan (PIP). Plaintiff also contends that he alleged a hostile work environment. Defendant contends that this claim was not accepted for administrative processing and plaintiff did not dispute this. At issue in Plaintiff's second EEO Complaint were further alleged acts of unlawful discriminatory and retaliatory treatment by ATF, including the subsequent notification to Plaintiff of his impending termination for cause. Plaintiff contends that such adverse actions ultimately resulted in Plaintiff Khan being forced to resign his Government and Agency employment on April 9, 2004, under the allegedly unwarranted threat of a prospective termination for cause.

Defendant submits that some of Plaintiff's claims do not constitute an adverse personnel action and denies the allegations that Plaintiff was subjected to any discrimination, including retaliation, and denies that there was any constructive termination ending the employment relationship. Defendant maintains that the actions taken by ATF and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law.

For the Court's convenience, the remainder of the discussion herein follows the numbering and topics set forth in Local Rule 16.3(c).

    1.    <u>Dispositive Motions/Discovery Timeframe</u>:  The Parties agree and propose that dispositive motions, if appropriate, may be filed after the close of discovery.

Any dispositive motions should be filed within forty-five (45) days after the close of discovery; any opposition brief to summary judgment should be filed within thirty (30) days after receipt of the filing of the motion; and any reply brief should be filed within twenty (20) days after receipt of the filing of the opposition brief.

2. <u>Amendment to Pleadings</u>:  At this time, the Parties do not anticipate that it will be necessary to join additional or third parties, or to amend their pleadings.

3. <u>Assignment to Magistrate Judge</u>:  At this time, both Parties oppose referral of this case to a Magistrate Judge for all purposes.

4. <u>Settlement Possibility</u>:  The Parties have not discussed settlement as of the date of this filing.  The Parties believe that mediation in this case should take place after the close of discovery.  Should the developments of the case during discovery indicate that moving forward immediately to mediation discussions would be fruitful, then the Parties will notify the Court.

5. <u>Alternative Dispute Resolution</u>:  The Parties believe that alternative dispute resolution may be appropriate after the close of discovery.

    (i)    Plaintiff's objective in bringing this suit is to obtain the relief set forth in the Complaint.  Defendant's objective in defending the suit is to obtain dismissal or judgment in his favor.

    (ii)   The Parties have not engaged in any settlement discussions.

    (iii)  The Parties believes that the appropriateness of settlement discussions should be assessed after the close of discovery.

  (iv) The Parties, at this time, do not know whether the case will benefit from a neutral evaluation. If such evaluation were to occur, however, the Parties believe that it should be done after discovery.

  (v) The Parties do not believe that discovery should be stayed.

(6) <u>Dispositive Motions/Discovery Timeframe</u>: As noted above, the Parties believe that any post-discovery dispositive motions, if appropriate, should be filed within forty-five (45) days after the close of discovery; that any opposition to the motion for summary judgment should be filed within thirty (30) days after receipt of the filing of the motion; and that any reply brief should be filed within twenty (20) days after receipt of the filing of the opposition brief.

7. <u>Initial Disclosures</u>: The Parties do not stipulate to dispensing with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and believe that such disclosures should occur within fourteen days after the Scheduling Conference.

8. <u>Discovery</u>: The Parties propose that discovery be completed 180 days from the date of the Initial Scheduling Conference, now set for Friday, January 27, 2006. The Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, the Parties believe that twenty-five (25) interrogatories and seven (7) depositions per party should be sufficient.

9. <u>Experts</u>: The Parties do not know at this time whether expert witnesses may be necessary. The Parties propose that any experts be designated no later than sixty (60) days after the commencement of discovery, and that any rebuttal experts be

4

designated no later than thirty (30) days thereafter. The Parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply.

10. <u>Class Actions</u>: This case is not a class action and, therefore, this paragraph of Local Rule 16.3 does not apply.

11. <u>Bifurcation of Discovery or Trial</u>: The Parties do not see any need for bifurcation at this time.

12. <u>Proposed Date for the Pretrial Conference</u>: The Parties believe that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion.

13. <u>Trial Date</u>: The Parties believe that the Court should schedule a trial date at the Pretrial Conference.

14. <u>Other Matters</u>:  The Parties are unaware of any other matters requiring the attention of the Court at this time.

                                                Respectfully submitted,

| | |
|---|---|
| /S/ | /S/ |
| MICHAEL W. BEASLEY, ESQ. | KENNETH L. WAINSTEIN |
| D. C. Bar No. 248930 | D. C. Bar No. 451058 |
| 411 East Broad Street | United States Attorney |
| Falls Church, Virginia  22046 | |
| Phone:  (703) 241-2909 | /S/ |
| Fax:  (703) 241-5885 | R. CRAIG LAWRENCE |
| E-Mail:  beasleys@erols.com | D. C. Bar No. 171538 |
| | Assistant United States Attorney |
| Counsel for Plaintiff | |
|  Zafar Kahn | /S/ |
| | MARINA UTGOFF BRASWELL |
| | Assistant United States Attorney |
| | D. C. Bar No. 416587 |
| | U. S. Attorney's Office – Civil Division |
| | 555 4th Street, N. W. |
| | Washington, D. C.  20530 |
| | Phone:  (202) 514-7226 |
| | |
| | Counsel for Defendant |

Dated:  January 23, 2006

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ZAFAR KHAN,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES,<br>  U. S. ATTORNEY GENERAL,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-1831<br>)<br>)  Chief Judge Thomas F. Hogan<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of the Parties' joint report under Local Rule 16.3, and the proceedings held in Court on January 27, 2006, this Court hereby orders the following schedule:

(1) Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall occur within fourteen days of the date of January 27, 2006;

(2) Discovery shall commence immediately and shall be completed 180 days from January 27, 2006;

(3) Dispositive motions, if any, shall be filed 45 days after the close of discovery; opposition brief may be filed 30 days thereafter; and replies may be filed 20 days after opposition briefs are filed;

(4) The Parties are limited to twenty-five (25) interrogatories and seven (7) depositions per party; and

(5) Expert witnesses shall be designated no later than sixty (60) days after the commencement of discovery, and any rebuttal experts shall be designated thirty (30) days

thereafter.

_____
UNITED STATES DISTRICT JUDGE


MARINA UTGOFF BRASWELL
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530


MICHAEL W. BEASLEY, ESQ.
411 East Broad Street
Falls Church, Virginia  22046

2