**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ZAFAR H. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-1831 (TFH) |
| | ) | ECF |
| v. | ) | |
| | ) | |
| MICHAEL B. MUKASEY, | ) | |
| ATTORNEY  GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of material facts

as to which there is no genuine dispute.

　　1.  Plaintiff Zafar A. Khan is of Pakistan/Indian national origin.  See Compl.¶ 3; Exhibit

1, Affidavit of Zafar A. Khan, ("Ex. 1") at 1; Exhibit 2, Complaint of Discrimination, dated

September 17, 2003, ("Ex. 2") at 1.

　　2.  Plaintiff was employed as a Telecommunications Specialist, PD-391-2 in the Radio

Communications Branch[1] of the Technical Services Division, Office of Science and Technology,

Bureau of Alcohol, Tobacco, Firearms and Explosives, Department of Justice from May 1998 to

April 2004.  See Compl.¶ 15; Ex. 1 at 2.

　　3.  Plaintiff filed Agency Complaint No. E-03-0001 on September 17, 2003, alleging

unlawful discrimination based on race (Asian), color (brown), religion (Islam), national origin

---

[1]The Radio Communications Branch is now known as the Wireless Communications Section.

(India/Pakistan) and unlawful retaliation for protected Equal Employment Opportunity ("EEO")

activities.  See Compl. ¶ 6; Ex. 2 at 1.

4.  Plaintiff filed Agency Complaint No. E-04-0044 on June 26, 2004, alleging unlawful

discrimination based on race (Asian), religion (Islam), national origin (India/Pakistan), and

unlawful retaliation for protected EEO activities. See Compl. ¶ 8; Exhibit 3, Complaint of

Discrimination, dated June 26, 2004, ("Ex. 3").

5.  No hostile working environment claim was accepted during the administrative

process, and Plaintiff did not challenge the accepted issues or request that a hostile working

environment claim be added.  See Exhibit 4, EEO Counseling Report, dated June 24, 2003, ("Ex.

4"); Exhibit 5, Acceptance of Complaint of Discrimination, dated November 2, 2004, ("Ex. 5").

6.  The two cited Agency EEO Complaints were merged and consolidated by direction of

an Equal Employment Opportunity Commission ("EEOC") Administrative Judge by Order dated

April 28, 2005.  See Exhibit 6, EEO Order, dated April 28, 2005, ("Ex. 6").

7.  The United States Department of Justice Adjudication Office issued a Department of

Justice Final Agency Decision dated August 16, 2005 which denied all claims raised by Plaintiff

through Agency EEO Complaint Nos. E-03-0001 and E-04-0044. See Exhibit 7, Final

Department of Justice Decision, dated August 16, 2005, ("Ex. 7").

8.  From November 1999 to September 2001, Plaintiff's immediate supervisor was

Telecommunications Manager James Bowks.  See Exhibit 8, Deposition of Zafar H. Khan, ("Ex.

8") at 26:14-21; Exhibit 9, Affidavit of James Bowks, ("Ex. 9") at 2.

9.  From November 1999 to April 2004, Plaintiff's second-level supervisor was

Telecommunications Branch Chief Brad Caldwell.  See Ex. 8 at 26: 22-23; Exhibit 10, Affidavit

of Brad Caldwell, ("Ex. 10").

10. In October 2001, Telecommunications Manager Sam Ford became Plaintiff's immediate supervisor. See Ex. 8 at 27:10-12; Exhibit 11, Declaration of Samuel L. Ford, ("Ex. 11") at 2.

11. In March 2003, Mr. Ford informed Plaintiff he was giving Plaintiff an unsatisfactory mid-year performance evaluation, as he had observed that Plaintiff was unable to perform the basic functions of his job. See Ex. 11 at 6.

12. In the evaluation, Plaintiff was rated unsatisfactory in four of the critical elements of his position. See Ex. 11 at 6.

13. Mr. Ford observed that Plaintiff could not operate independently. Plaintiff required the assistance of other technicians to accomplish his tasks. Exhibit 12, Deposition of Samuel L. Ford, ("Ex. 12"), at 67:18-20, 68-72.

14. Mr. Ford observed that Plaintiff did not possess the technical skills necessary to meet the requirements of his assigned duties. Ex. 11 at p. 5.

15. While employed as a Telecommunications Specialist under Mr. Ford, Plaintiff was assigned to provide technical radio support to the Baltimore Field Division. See Exhibit 13, Memorandum to Zafar Khan from Samuel Ford Telecommunication Manager, re: Opportunity Period to Improve Performance, ("Ex. 13") at 2.

16. Complaints were received about Plaintiff's technical service to the Baltimore Field Division. See Ex. 12 at 161:16; Exhibit 14, Deposition of Brad Caldwell, ("Ex. 14") at 101:14-102:18.

17. Plaintiff was unable to meet the operational needs of the agents he worked with at the Baltimore Field Division. See Ex. 12 at 277:5.

18. Prior to providing service to the Baltimore Field Division, Plaintiff serviced the Houston Field Division.  See Ex. 8 at 37:12-25.

19. Complaints were received about Plaintiff's service to the Houston Field Division. See Ex. 14 at 100:1-20.

20. On June 18, 2003, Plaintiff was issued a "Notice of Proposal to Suspend for Seven (7) Calendar Days" for Providing False Statements to a Law Enforcement Officer and Failure to Report an Incident Involving a Government Furnished Automobile ("GOV").  See Exhibit 15, Memorandum to Zafar Khan from Chief, Technical Services Division, re: Decision to Suspend for Seven Days dated September 4, 2003, ("Ex. 15") at 16.

21. On June 20, 2003, Ford placed Plaintiff on a Performance Improvement Plan ("PIP"). See Ex. 13; Ex. 11 at ¶ 11.

22. The PIP stated that Plaintiff was not meeting the minimum requirements of his position and that he had 90 days to raise his performance in the four critical elements of his position he was currently rated at the "below expectations" level.  See Ex. 13.

.      23. The PIP outlined specific tasks and assignments designed around the critical elements on which Plaintiff was found unsatisfactory for Plaintiff to perform during the PIP period.  See Ex. 12; Ex. 11 at 5.

24. The PIP provided a detailed account of the areas in which Plaintiff's performance was deficient under each critical element and listed specific expectations.  See Ex. 12; Ex. 11 at 5.

25. Plaintiff was relieved of his duties assisting the Baltimore Field Division so he could successfully complete the PIP in the allotted time period.  See Ex. 11 at 7.

26. The Baltimore duties were never restored because Plaintiff failed to successfully complete the PIP.  See Ex. 11 at 7.

27. On September 4, 2003, Plaintiff was issued a Decision to Suspend for Seven (7) Days and was suspended from work without pay from September 15-22, 2003 for providing false statements to a law enforcement officer and failure to report an incident involving a GOV.  See Ex. 15 at 1.

28. On September 22, 2003, Plaintiff was given a "PIP Extension" of an additional 20 days to assist Plaintiff in successfully completing the PIP, in light of Plaintiff missing 12 workdays for sick leave and five workdays for his suspension.  See Ex. 8 at 29-31; Ex. 11 at 9; Exhibit 16, Affidavit of Timothy McGinnis ("Ex. 16")

29. Plaintiff's home-to-work privileges using the GOV were temporarily suspended in September 2003 because he was no longer providing field support from home to the Baltimore Field Division.  See Ex. 8 at 108-109; Ex. 11 at 8.

30. On October 6 2003, Mr. Ford informed Plaintiff of the areas in which he was still deficient and unable to demonstrate the necessary proficiencies.  See Exhibit 17, Memorandum to Zafar Khan from Samuel Ford Telecommunication Manager, re: PIP Extension, ("Ex. 17") at 2.

31. On December 10, 2003, Plaintiff was issued a "Proposed Removal Based on Unsatisfactory Performance".  Exhibit, 18, Proposed Removal Based on Unsatisfactory Performance ("Ex. 18").

32. This proposed removal detailed examples of technical mistakes and efforts that Plaintiff made while demonstrating his skills and abilities.  See Ex. 18.

33.  Plaintiff was asked to surrender his assigned GOV, credentials, and equipment in December 2003 when he was placed on restricted duty status.  <u>See</u> Ex. 18.

34.  Plaintiff made an oral reply to the proposed removal to Timothy McGinnis, Chief, Technical Services Division, on January 15 and January 20, 2004.  Exhibit 19, Decision to Remove for Unsatisfactory Performance, ("Ex. 19") at 64.

35.  On April 7, 2004, Plaintiff was given a "Decision to Remove for Unsatisfactory Performance." <u>See</u> Ex. 19.

36.  On April 9, 2004, Plaintiff submitted his letter of resignation to ATF.  <u>See</u> Ex. 8 at 132:21-22.

Dated: June 30, 2008

Respectfully submitted,


\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


\_/s/_____
MEGAN M. WEIS
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530


*Attorneys for Defendant*

6