# EXHIBIT 11

**Declaration of Samuel L. Ford**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAFAR H. KHAN, | ) |
| Plaintiff, | ) Civil Action No. 05-1831 (TFH) |
| v. | ) |
| MICHAEL B. MUKASEY, ATTORNEY GENERAL, | ) |
| Defendant. | ) |

**DECLARATION OF SAMUEL L. FORD
TELECOMMUNICATIONS MANAGER,
WIRELESS COMMUNICATIONS SECTION
OFFICE OF SCIENCE AND TECHNOLOGY
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

I, Samuel L. Ford, under penalty of perjury, do hereby declare and say:

1. I am a Telecommunications Manager in the Wireless Communications Branch[1], Office of Science and Technology, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have held this position since September, 2001.

2. In October, 2001, I became Plaintiff's, Zafar Khan's, supervisor.

3. In March, 2003, I informed Plaintiff that I was giving him an unsatisfactory mid-year performance evaluation, as I had observed Plaintiff was unable to perform the basic functions of the job.

4. Plaintiff was performing at an unsatisfactory level in four of his critical elements at his mid-year review in March 2003.

---

[1] The Wireless Communications Section was formerly known as the Radio Communications Branch.

5. I observed that Plaintiff could not operate independently. He required the assistance of other technicians to accomplish his tasks.

6. Despite all of the technical training received, Plaintiff was unable to successfully complete the most basic assignments of to his position.

7. I observed that Plaintiff was not demonstrating that he possessed the technical skills for satisfactorily meeting the requirements of his assigned duties.

8. While employed as a Telecommunications Specialist under my supervision, Plaintiff was assigned to provide technical radio support to the Baltimore Field Division.

9. Complaints were received about Plaintiff's technical service to the Baltimore Field Division.

10. Plaintiff was unable to meet the operational needs of the agents he worked with at the Baltimore Field Division.

11. In June, 20, 2003, I placed Plaintiff on a Performance Improvement Plan (PIP). This detailed PIP informed Plaintiff he was not meeting the minimum requirements of the position and gave him 90 days to raise his performance in four of his critical elements above the "below expectations" level.

12. The PIP outlined specific tasks and assignments designed around the critical elements in which Plaintiff was unsatisfactory.

13. In the PIP notice, I provided a detailed account of the areas in which Plaintiff's performance was deficient under each critical element and listed specific expectations.

14. Plaintiff was relieved of his duties assisting the Baltimore Field Division so he could successfully complete the PIP in the allotted time period. The Baltimore duties were never

restored to Plaintiff because he failed to successfully complete the PIP.

15. On September 22, 2003, Plaintiff was given a "PIP Extension", an additional 20 days to assist Plaintiff in successfully completing the PIP in light of 12 workdays of sick leave and 5 workdays of suspension.

16. Plaintiff's home-to-work privileges using the Government vehicle were suspended in September 2003, because he was no longer providing field support from home to the Baltimore Field Division.

17. On October 6, 2003, I informed Plaintiff of the areas in which his performance was still unsatisfactory.

18. On December 10, 2003, Plaintiff was issued a "Proposed Removal Based on Unsatisfactory Performance". This Proposal detailed examples of technical mistakes and other errors that Plaintiff made while demonstrating his skills and abilities.

19. Plaintiff was asked to surrender his GOV, credentials, and equipment in December, 2003 when he was placed on restricted duty status.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of February, 2008.


_____
Samuel L. Ford

3