# EXHIBIT 15

**Memorandum to Zafar Khan from Chief, Technical Services Division re: Decision to Suspend for Seven Days, dated September 4, 2003**

EXHIBIT F11



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

SEP 4 2003

304010:TAM
2143

MEMORANDUM TO: Zafar A. Khan
Radio Communications Branch

FROM: Chief, Technical Services Division

SUBJECT: Decision to Suspend for Seven (7) Days

By memorandum dated June 18, 2003, the Chair, Professional Review Board (PRB), notified you of the Board's proposal to suspend you without pay from your position of Telecommunications Specialist PD-0391-02, for seven (7) calendar days. That proposal was based on the following charge:

**REASON 1: Providing False Statements to Law Enforcement Officer**

**- Sustained**

**REASON 2: Failure to Report an Incident Involving a Government Furnished Automobile (GFA)**

**- Sustained**

This is the final decision on the proposal notice.

In reaching my decision, I have given full and careful consideration to the evidence of record in this case, including the Office of Inspection (OI) Report of Investigation (ROI) number 20030015 dated March 11, 2003, the Board's proposal notice dated June 18, 2003, your written reply dated July 17, 2003 and your oral reply, which was presented on July 18, 2003. After careful consideration of the record in this matter, I have determined that discipline is warranted.

I will not restate the details of the charge that led to the proposed suspension, as those details were presented in the proposal notice. I will note however, that as a Telecommunications Specialist with this Bureau, it is critically important for you to be in strict compliance with all laws and regulations in both your professional and personal life. Also, as a Bureau employee with access to a GOV, you should have known that Bureau policy requires employees who operate a GOV to immediately report all incidents, tickets and citations involving their assigned vehicle to a person in their supervisory chain of command or OI, whether on or off duty. You violated a state traffic law and, as a result, received a citation which you failed to report. Therefore, I find that the sustained charges cited above warrant disciplinary action.

It is my decision that, in order to promote the efficiency of the service, you will be suspended from your position without pay effective Monday, September 15, 2003, through Sunday, September 21, 2003. You will be returned to a pay and duty status on Monday, September 22, 2003. You are expected to report for work at your normal reporting time. Until the effective date of your suspension, you will remain in an active duty status in your current position.

Due to the seriousness of the sustained charges, you are hereby warned that any future offenses of this nature or other offenses could result in more serious discipline up to an including your removal from the Federal service.

You have the right to grieve this action in accordance with the provisions set forth in Article 34 of the ATF/NTEU Agreement dated July 20, 2002. If you elect to file a grievance or proceed to arbitration, you should contact your union representative and present your grievance within 21 days of the effective date of this action.

If you believe that prohibited discrimination based on race, color, religion, national origin, sex, sexual orientation, age, disability, genetic information, or

parental status was involved in this decision, you may wish to contact the Bureau's Office of Equal Opportunity EO) - at (202) 927-8156, to initiate a complaint of discrimination. Should you elect to initiate such a complaint, you must contact an EO counselor within forty-five (45) calendar days of the effective date of this action. If you file an EO complaint, you may not also file a grievance on the same matter.

If you have any questions concerning your rights or procedures in this matter, you or your designated representative may contact Mirtis B. Coggins of the Professional Review Team, at (202) 927-7600.

Timothy A. McGinnis

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**ACKNOWLEDGEMENT OF RECEIPT OF DOCUMENTS**

| NAME OF EMPLOYEE *(Last, First, Middle)* | DATE RECEIVED | TIME |
|---|---|---|
| **Zafar A. Khan** | 9/4/03 | 1528 |

I HEREBY ACKNOWLEDGE THAT ON THE ABOVE DATE I RECEIVED: *(Check appropriate box)*

| | |
|---|---|
| | NOTICE OF PROPOSED ADVERSE ACTION |
| | NOTICE OF ADVERSE ACTION |
| | NOTICE OF PROPOSED SUSPENSION |
| X | **NOTICE OF SUSPENSION FOR SEVEN (7) CALENDAR DAYS** |
| | OTHER *(Specify)* |

| SIGNATURE OF EMPLOYEE | SIGNATURE OF PERSON DELIVERING DOCUMENT |
|---|---|
| Zafar A. Khan | [signature] |

ATF F 2750.1 (3-75) REPLACES ATF FORM 80 (7-73) WHICH MAY BE USED

ATTN: Mirtis B. Coggins
Human Resources Specialist
650 Massachusetts Avenue, N.W., TechWorld Suite 742
Washington, D.C. 20226

F11-4

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

# INVESTIGATION REFERRAL MEMORANDUM

## INSTRUCTIONS

The information contained in the attached report represents the results of an investigation conducted by the Office of Inspection. It is submitted herewith for review, evaluation, and administrative disposition. Only the persons officially charged with the aforementioned responsibility should review this report: the information contained therein should be disseminated on a need to know basis only.

After action has been taken or a decision has been made that no action will be taken, both copies of this form should be endorsed below to show clearly the nature of action taken and the effective date, or the decision that no action will be taken. If disciplinary action is taken please also return a copy of any of the following papers which may be applicable: notice of proposed adverse final decision, letter of reprimand, or written confirmation of oral admonishment, SF-50 covering action taken. Return both copies of this form and all of the investigative material to the following address:

Office of Inspection
Bureau of ATF
P.O. Box 50202
Washington, D.C. 20091-0202

*THIS REPORT IS NOT TO BE DUPLICATED UNLESS THE REPORT OR SECTIONS OF IT IS INTENDED FOR USE AS MATERIAL RELIED UPON IN SUPPORT OF A DISCIPLINARY OR ADVERSE ACTION.*

| REPORT FORWARDED TO | TYPE OF INVESTIGATION | REPORT NUMBER |
|---|---|---|
| Chairman, Professional Review Board | Internal | 20030015 |

COPIES FORWARDED TO

Assistant Director (OST), and Chief, ELRT

| SUBJECT(S) OF INVESTIGATION (SOCIAL SECURITY NUMBER) | POSITION AND GRADE | POST OF DUTY |
|---|---|---|
| 1. KHAN, ZAFAR A. [redacted] | Telecommunications Specialist<br><br>PD-0391-02 | Gaithersburg, Maryland |

| FORWARDING OFFICIAL OFFICE OF INSPECTION | SIGNATURE AND DATE |
|---|---|
| Malcolm W. Brady, Assistant Director | [signature] 6/10/03 |

NATURE OF FINAL ACTION AND EFFECTIVE DATE

Seven (7) day suspension, effective Monday, September 15, 2003 through Sunday, September 21, 2003. Employee is to return to duty status on Monday, September 22, 2003.

FII-5

| NAME / TITLE OF REVIEWING OFFICIAL | SIGNATURE AND DATE |
|---|---|
| TIMOTHY A. McGINNIS<br>CHIEF, TECHNICAL SERVICES DIVISION | [signature] 9/4/03 |

**Coggins, Mirtis B.**

**From:** McGinnis, Timothy A.
**Sent:** Thursday, August 14, 2003 4:55 PM
**To:** Coggins, Mirtis B.
**Subject:** RE: Oral Reply for Zafar Khan

**Importance:** High

Ms. Coggins -

Having given careful consideration to Zafar Khan's oral and written reply to his proposed suspension for providing false statements to a law enforcement officer and failure to report an incident involving a government furnished automobile (GFA), I uphold the Professional Review Boards' proposed suspension of seven (7) days and desire to make the suspension effective September 7, 2003 through September 13, 2003. Thank you

**S/A Tim McGinnis, Chief**
**Technical Services Division**
**Bureau of ATFE (ATF)**
45250-B Severn Way
Sterling, VA 20166
(703) 948-2814 Office
(703) 948-2801 Fax
NEW E-MAIL ADDRESS: timothy.mcginnis@atf.gov

-----Original Message-----
**From:** Coggins, Mirtis B.
**Sent:** Thursday, August 14, 2003 1:02 PM
**To:** McGinnis, Timothy A.
**Subject:** Oral Reply for Zahar Khan

Attached for your review is the oral summary for Zahar Khan. If it is okay, please provide a copy to Ms. Alford. Let me know, via e-mail or phone, what your decision is regarding this case. Thank you.
<< File: SUMMARY OF ORAL REPLY ON Zahar Khan.doc >>

Mirtis B. Coggins
Human Resources Specialist (PRB)
Bureau of Alcohol, Tobacco, Firearms and Explosives
650 Massachusetts Avenue, NW, Suite 742 TechWorld
Washington, D.C. 20226
Phone: 202.927.7600; Fax: 202.927.0856
E-mail: Mirtis.Coggins@atf.gov



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC 20226

JUN 18 2003

403045:SLM
2143

MEMORANDUM TO: Timothy A. McGinnis
Chief, Technical Support Division
Office of Science and Technology

FROM: Chair, Professional Review Board

SUBJECT: Deciding Official

This is notification that you are the management official with delegated authority to issue a final decision on the attached proposed suspension for Telecommunications Specialist Zafar A. Khan. The specific facts upon which this proposal is based are documented in the attached Office of Inspection (OI) Report of Investigation (ROI) number 20030015, dated March 11, 2003.

Please arrange delivery of the attached original proposal notice and a copy of the ROI to the employee, and have the employee sign and date the ATF Form 2750.1, Acknowledgment of Receipt of Document. If the employee refuses to sign, please indicate so on the form. You or the person delivering the proposal notice must also sign the form. Give one copy of the ATF F 2750.1 to the employee.

Please send the original signed, dated ATF F 2750.1 to:

G. Elaine Smith, Chief
Employee and Labor Relations Team (ELRT)
Bureau of Alcohol, Tobacco, Firearms and Explosives
650 Massachusetts Avenue, N.W., Room 4300
Washington, D.C. 20226

It is important that you return the signed ATF F 2750.1 (for the proposal notice) as soon as possible so the ELRT can coordinate tracking with OI.

Timothy A. McGinnis

No later than five (5) calendar days after delivery of the proposal to the employee, you should contact Mirtis B. Coggins of ELRT at (202) 927-8640 for assistance in this process. You should contact Ms. Coggins if the employee requests an appointment to present an oral reply or an extension of time in which to make one. The ELRT Specialist should be available to take notes during the oral reply and subsequently prepare an official written summary of the meeting, as provided by ATF Order 2750.1C, Adverse Action and Discipline. The ELRT Specialist must be involved in this process in order to ensure that you are complying with all regulations applicable to a deciding official.

Ms. Coggins will answer any technical questions and will assist you in developing the content of your written decision. After the decision notice is finalized, please forward a copy of the signed and dated memorandum with the original ATF F 2750.1 (for the decision notice) to the ELRT Chief, according to the instructions above. It is important that you send these documents to ELRT as soon as possible so that ELRT may accurately track this case.

Once the decision is finalized, you should also complete the bottom of page 1 of the OI report (ATF Form 8600.36, Investigation Referral Memorandum), and return it to OI along with a copy of the decision notice given to the employee.

If you have any questions about the proposed penalty, or the PRB process, please contact me at (202) 927-7703.

Steve L. Mathis

Steve L. Mathis

Attachments

# SUMMARY OF ORAL REPLY FOR ZAFAR A. KHAN

This will serve to document the oral reply of Mr. Zafar A. Khan, Telecommunication Specialist (Radio), PD-0391-02, Bureau of Alcohol, Tobacco, Firearms and Explosives, Technical Support Division, Radio Communications Branch, which took place at 45250 B Severn Way, 2nd Floor in Sterling, VA 20166 on July 18, 2003, at approximately 9:15 a.m. Individuals present during the meeting were the Employee, Mr. Khan, the deciding official, Chief Technical Support Division Timothy A. McGinnis, and the Employee's union representative, Roberta Alford, and via teleconference, Mirtis Coggins, Human Resources Specialists (Employee Relations).

The oral reply began at approximately 9:15 a.m. This is an official summary of the oral reply and not a verbatim transcript. In addition, this summary serves in conjunction with the Mr. Khan's written reply dated July 17, 2003.

**PROCEEDINGS**

The meeting started with the attendees introducing themselves. Roberta Alford issued the Employee's written reply to Mr. McGinnis who then faxed a copy to Ms. Coggins. Mr. McGinnis stated to Ms. Alford that she would receive a copy of the notes/oral summary. Ms. Alford began by questioning the term "official duty status." She stated that it was her belief that if an employee was assigned a GOV, his commute to and from work was considered official time or official duty status. It was explained to her that her interpretation of that term was inaccurate and an example was given using the Office of Workers' Compensation theory, which is simply, if you are injured while enroute to work or home, you are not covered by Workers Compensation because you would not be considered in an official duty status. Mr. McGinnis asked, "What is your intention of applying this to the charge at hand?" She read a citation that applies to law enforcement officers then stated that if it applies to agents, it should apply

across the board. She stated that she needs the definition of official time. Mr. McGinnis stated that she was reading from ATF Order 3000.1 paragraph 43, a and b, …. Ms. Alford stated that she would like to have the definition of official time and the reason why it applies only to special agents and not to other employees.

Ms. Alford stated when Mr. Khan was stopped by the officer, he told him that he was not an agent and was not carrying a gun, then showed him papers to indicate that he had authority to drive the GOV and maybe that is why he assumed that he was on official duty. She further stated that the Judge never stated that Mr. Khan told him that he was on official duty at anytime, so the officer is being given the benefit of the doubt. She stated that the police officer called Mr. Khan at home, which irritated him and would have irritated her also. She stated that Officer Smith was aware that Mr. Khan had called his supervisor and reported that he had called him at home. She also stated that she doubts if a judge would not remember such an unpleasant situation such as the one described by Officer Smith.

Ms. Alford then incorporated her personal experience stating that on November 20, she was driving a vehicle that was involved in an accident and that she was inadvertently issued a citation that was later dismissed. Therefore, she stated that citations are not always correct. Ms. Alford further stated that she realizes that errors occur on traffic citations and she feels they should be corrected. If the state is wrong on the citation, then anyone would wonder, "Well what else could be wrong the citation."

Ms. Alford stated that Mr. Khan did not realize the seriousness of his action; he felt that if he were stopped while driving in the HOV lane, it would only impact his driver's license. If he had known that it was going to

impact his job he would not have used the HOV lane. She stated that he admits that he should not have done that and he apologizes for his lapse in judgment. Ms. Alford stated that we should look at the situation from both sides. She stated, "The officer was doing his job. However, it is one person's word against the other, and I would hope that ATF would give the benefit of the doubt to their employee."

Ms. Alford further stated that other employees have received a letter of counseling for failure to report incidents. She stated that ATF has always believed in constructive ways of disciplining their employees. She stated that it's absolutely ludicrous when you read the report, which includes Mr. Khan's failure to report the incident to his supervisor, which was due to his ignorance of the requirement, and not intentional. She further stated that it would not be advantageous to the agency to discipline an employee for such a minor incident. She stated that Mr. Khan has already been punished by having to go to court and being professionally embarrassed. She feels that it would be to the agency's advantage to assist their employees by informing them of the rules.

She stated that this case should be dropped, but if McGinnis feels strongly about the incident, then a counseling letter should be appropriate. She stated, "In the future if there is a fly on the windshield of the GOV, Mr. Khan will report it to his supervisor." She stated that Mr. Khan has paid financially and emotionally for his mistake. She stated that you would think that there is a common ground of understanding that exists between the employee and the supervisor and it should be clear that there was a personality conflict between Mr. Khan and the officer. She stated that Mr. Khan felt when the officer called his home then both parties were wrong but no one had any intent or malice on their part.

July 17, 2003

Mr. Timothy A. McGinnis
Chief, Technical Support Division
Office of Science and Technology
Bureau of Alcohol, Tobacco, Firearms and Explosives
45250 B Severn Way, 2nd Floor
Sterling, VA 20166

Dear Mr. McGinnis:

I would like to respond to the Notice of Proposal to suspend me for seven calendar days dated June 18, 2003. I received this correspondence on June 26, 2003. The charges addressed in the proposal were: providing a false statement to a law enforcement officer and failure to report an incident involving a Government Furnished Automobile (GFA).

With regard to the charge of providing a false statement to a law enforcement officer, I never told Officer J.L. Smith that I was on official duty in route to Dulles Airport. I identified myself and showed Officer Smith the letter granting me the use of the GFA to drive to and from work and on call assignments. He asked me if I were an agent and if I carried a gun. I advised him I was not an agent and did not carry a gun. I stated I performed technical support for agents. At no point during our interaction did I state that I was on official time. He may have misconstrued that I was on official time due to the letter I provided for verification that the car was assigned to me. However, at no time did I state I was on official government business.

I did not state in court that I was on official business to Judge Gallahue. I did tell the judge that I was authorized to use the GFA for transport to and from work due to the on call status required by my official position. I did advise the Judge of my concerns involving the errors stated on the ticket. According to Officer Smith, I irritated the judge by repeatedly stating I was on official business. I did not make any statements about official business other than I was authorized to utilize the GFA because my position requires me to be on call for official business. The Judge stated he did not remember the case and couldn't state that I had made the "official business" statement as alleged by Officer Smith.

I contested the ticket and Officer Smith did call my home to advise me to "just pay the ticket". I was angry that the officer would invade my home and try to intimidate me. I called his supervisor and discussed this incident. His supervisor asked me if I wanted to issue an official complaint. I choose not to file the complaint against Officer Smith. However, Officer Smith was aware I had made the call to his supervisor and he wasn't happy with me at all.

I used the Dulles Access Road because of the heavy rain, poor visibility and bumper-to-bumper traffic. I was afraid that under these conditions the GFA and I were in danger. I

Mr. Tim McGinnis

did not understand the serious ramifications this action would have on my career. If I had, I would have stayed in the proper lanes and taken the chance.

I believe this charge is a result of miscommunication and personality clashes not intent to make false statements by any of the parties involved.

In response to the charge of failure to report an incident involving a GFA, I did not now that minor traffic citations warranted an immediate report to my first line supervisor. The GFA was not harmed. On the contrary, safety and security of the GFA was my prime objective when I obtained the traffic ticket. I knew the ticket would be reflected on my personal driver's history only. Also, I believed the ticket was improperly composed with the vehicle's tag number improperly identified on the citation. I expected to challenge the validity of the ticket based on technical merits and was hoping to have the ticket dropped. That was my intention when I filed an appeal in the circuit court for the case to be heard again. My appeal irritated Officer Smith and he exerted undue pressure by calling me at home and asking me to have my appeal withdrawn. Since the ticket was still in appeal, I did not consider the ticket as evidence of guilt and did not report it to my supervisor.

Remedy:

I have already paid a very heavy price financially, emotionally and professionally due to this error of judgment. A suspension of seven calendar days would be financially ruinous to my family. I have a good driving record and a history of abiding the law. I ask you to take that into consideration when reevaluating this proposal.

I am aware of the serious charges stated against me. However, I never lied to Officer Smith or to Judge Gallahue about being on official business at the time the ticket was issued. As for the second charge, failure to report to my supervisor, I didn't believe that I had to report the incident to my supervisor as the ticket was being appealed. This was due to my misunderstanding my responsibility to report to my supervisor immediately after the incident occurred.

All things considered, I acknowledge my errors and feel a letter of counseling letter is warranted. I have read the brief and order provided by ATF with regard to GFA. I, now, understand what is expected of me as a driver of a GFA. I will abide by these requirements from this minute on. If you resend the proposal and compose a letter of counseling, I would greatly appreciate your efforts on my behalf.

Again, I made a mistake but ATF has always believed in counseling their employees before resorting to suspensions. This suspension would not be in the best interest of the agency for it prohibits me from performing my duties. This is a negative chain reaction

that leads to a no win situation. A suspension for seven calendar days will cause me undue financial hardships and interruption in my employment record. It would cause me tremendous stress. Also, it will adversely affect many official projects I am currently assigned, notably acquiring a free repeater site in Dover, DE for enhancement of radio communications for the ATF agents of Wilmington POD.

I appreciate your time and effort on my behalf and hope you take into consideration my honesty and sincere remorse in placing ATF in an embarrassing situation due to my poor judgment and lack of knowledge of the orders and briefs governing GFA.

Yours sincerely,

Zafar A. Khan

CC: Roberta A. Alford

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**ACKNOWLEDGEMENT OF RECEIPT OF DOCUMENTS**

| NAME OF EMPLOYEE *(Last, First, Middle)* | DATE RECEIVED | TIME |
|---|---|---|
| **Khan, Zafar A.** | 6/26/03 | 9:45 AM |

I HEREBY ACKNOWLEDGE THAT ON THE ABOVE DATE I RECEIVED: *(Check appropriate box)*

| | |
|---|---|
| | NOTICE OF PROPOSED ADVERSE ACTION |
| | NOTICE OF ADVERSE ACTION |
| X | **NOTICE OF PROPOSED SUSPENSION FOR SEVEN (7) DAYS** |
| | NOTICE OF SUSPENSION |
| | OTHER *(Specify)* |

| SIGNATURE OF EMPLOYEE | SIGNATURE OF PERSON DELIVERING DOCUMENT |
|---|---|
| Zafar A. Khan | [signature] |

ATF F 2750.1 (3-75) REPLACES ATF FORM 80 (7-73) WHICH MAY BE USED

ATTN: MIRTIS B. COGGINS
HUMAN RESOURCES SPECIALIST
EMPLOYEE AND LABOR RELATIONS TEAM, ROOM 4300

F11-15

Zafar A. Khan

**REASON 1: Providing False Statements to a Law Enforcement Officer**

**REASON 2: Failure to Report an Incident Involving a Government Furnished Automobile (GFA)**

**BACKGROUND:**

The ROI documents that on September 27, 2002, Officer J.L. Smith of the Fairfax County Police Department notified the Office of Inspection (OI) that you had been ticketed for a traffic violation while driving a Government furnished automobile (GFA). The violation was for improper use of the high occupancy vehicle (HOV) lane. Accordingly, OI conducted an integrity investigation.

Specifically, the reasons for this proposed action are discussed below:

**REASON 1: Making False Statements to a Law Enforcement Officer**

The OI investigation revealed that, prior to the traffic stop, you were alone in your vehicle and had driven 2 ½ miles in the HOV lane.

**DISCUSSION:**

On January 24, 2003, SAs Michael A. Moore and Lori Dyer interviewed you under oath regarding the incident involving your GFA. You stated that you left your office on June 26, 2002, between 5:45 and 6:00 p.m., to go to your residence located in Franklin Farms in Herndon, Virginia. You stated that, after entering the HOV lane, you drove a short distance before being stopped by Officer Smith. You also stated that Officer Smith did not ask why you were utilizing the HOV lane and that you

did not offer an explanation. After receiving your driver's license and vehicle registration, Officer Smith issued you a ticket for the HOV violation.

On February 6, 2003, OI SA Moore interviewed Officer Smith at the McLean District Station in McLean, Virginia. Officer Smith stated that on June 26, 2002, he stopped your vehicle because you drove for approximately 2 ½ miles in the HOV lane, and that you were the sole occupant of the vehicle. After requesting your driver's license and vehicle registration, he noticed that your registration listed the vehicle as belonging to ATF. Officer Smith stated that you told him that you were on official business for ATF and that you were enroute to the Dulles Airport. Officer Smith also stated that you contested the HOV violation on August 27, 2002, in the Fairfax County General District Traffic Court. He stated that you told the Judge that you were in the performance of your official duty for ATF at the time of the traffic stop. When Judge Thomas E. Gallahue was questioned regarding your traffic violation, he stated that he recalled finding you guilty of the violation and fining you $50.00 plus the cost of court.

As a Bureau employee, it is critically important for you to be in strict compliance with all laws and regulations, in both your professional and personal life. Your conduct was reported to OI by the police officer who observed you violating the HOV lane restrictions. The Board found that your statement to the police officer was in violation of Bureau policy. **ATF Order 2130.1, CONDUCT AND ACCOUNTABILITY**, dated March 29, 2000, Section 17 (a), Other Egregious Offenses, states in part that all employees are formally advised that ATF considers certain conduct completely unacceptable, such as employees found to have engaged in lying to a law enforcement officer in the course of an official inquiry. Your behavior violated the order and reflected negatively on ATF.

**REASON 2: Failure to Report an Incident Involving a Government Furnished Automobile (GFA)**

You failed to report the incident involving your GFA.

**DISCUSSION:**

On February 3, 2003, SA Moore interviewed your supervisor, Samuel Ford, Chief of the Radio Communications Division, via telephone, regarding his knowledge of the June 26, 2002, traffic violation. He stated that he was not aware of the traffic violation involving your GFA until OI contacted him.

You violated **ATF Order 2130.1, CONDUCT AND ACCOUNTABILITY**, Section 20, Reporting Other Incidents Involving the Employee, Subsection b., which states in part that this paragraph does not relieve employees from the requirement of reporting all incidents, accidents, tickets, citations, etc. involving a GFA, on or off duty, to either management or the Office of Inspection, as required by any other ATF Order, policy, or procedure. You violated the Order when you failed to report the incident involving your GFA that resulted in you receiving a ticket.

Based on your actions in this matter, your suspension for seven (7) calendar days is fully warranted and necessary to promote the efficiency of the service.

You have the right to reply to this notice personally, in writing, or both. You may furnish any and all reasons you may desire, including affidavits and other documentary evidence, in support of your reply. You will be allowed ten (10) calendar days from your receipt of this notice to submit your reply. Any reply should be submitted to:

Timothy A. McGinnis
Chief, Technical Support Division
Office of Science and Technology
Bureau of Alcohol, Tobacco, Firearms and Explosives
45250 B Severn Way, 2nd Floor
Sterling, Virginia 20166

Mr. McGinnis is the deciding official for this case. If you wish to reply personally, you should contact

him at (703) 948-2800 to arrange an appointment. Consideration will be given to extending the ten 10-day reply period if you submit a written request to Mr. McGinnis stating your reason for desiring more time.

You may have a representative of your own choosing assist you in your reply. If you designate an individual to represent you, provide your representative's name, occupation and address, in writing, to Mr. McGinnis prior to presentation of your oral reply or submission of your written reply. If in a duty status with ATF, you and your representative will be allowed a reasonable amount of official time to review the material relied upon to support this proposal, to secure affidavits and to prepare an answer to this notice. You and your ATF representative should make arrangements with your respective supervisors for use of official time. The material relied upon to support this action is attached for your review.

No decision will be made on this proposed action until the expiration of the time allowed for a reply. If you do not wish to submit a reply, a decision will be made based on all the information available at the end of the reply period. If you do submit a reply, it will be given full and careful consideration. In either case, you will be notified in writing at the earliest practicable date of the decision in this matter.

During the course of the notice period, you will remain in an active duty status. If you do not understand the reason why your suspension is proposed, or if you need additional information concerning any of your rights as stated in this notice, you or your designated representative may contact Mirtis B. Coggins of the Employee and Labor Relations Team, Personnel Division, at (202) 927-8640 for further information.

Steve L. Mathis

Attachment: Report of Investigation #20030015

Home > Administer Workforce > Manage Labor Relations (USF) > Use > Discipline

New Window

PLEASE WAIT

SUMMARY | EVENTS | NARRATIVE

Case Number: 1678 *SSN: [redacted] Khan,Zafar A SetID: ATFE1

*Reported Date: 09/27/2002 Status Date: 03/10/2004 Status: Pending Action

Giglio Issue? ○ Yes ◉ No Standards of Conduct Violation? ◉ Yes ○ No

PROPOSAL | View All |< 1 OF 1 >|

| | |
|---|---|
| SUS | Suspension 14 or less days |

DECISION View All |< 1 OF 1 >|

| | |
|---|---|
| SUS | Suspension 14 or less days |

INSPECTION DATA View All |< 1 OF 1 >|

| Case # | Date |
|---|---|
| 20030015 | 03/11/2003 |

OFFENSE(S) View All |< 1 OF 1 >|

| Code | Description | Sustained? |
|---|---|---|
| 33C | Providing false, misleading an | ☑ |

SAVE | Previous tab | Next tab

Add | Update/Display

Summary | Events | Narrative

F11-21

Home > Administer Workforce > Manage Labor Relations (USF) > Use > Discipline

New Window

SUMMARY | EVENTS | NARRATIVE

Case Number: 1678 SSN#: [redacted]

View All |< 1 OF 1 >|

*Disciplinary Action Event: BMD P Review Board Meeting

Name: Mathis,Steve L.

Initiated: 04/02/2003

*Completed: 06/18/2003

Comment: The Board met on 04/02/2003 and recommended a seven day suspension for "Providing False Statements to a Law Enforcement Officer, and "Failure to Report an Incident Involving a Government Furnished Automobile (GFA).

SAVE | Previous tab | Next tab

Add | Update/Display

Summary | Events | Narrative

F11-22

Home > Administer Workforce > Manage Labor Relations (USF) > Use > Discipline

New Window

SUMMARY | EVENTS | NARRATIVE

Case Number: 1678 SSN#: [redacted]

Case Summary and other Comments:

The employee was driving in the HOV lane with no passengers and when stop by a Virginia Police Officer, he told him that he was on official business for ATF, when in fact, he was enroute to his residence. In addition, he failed to report the incident to his supervisor. The deciding official upheld sthe seven day suspension after receiving the employee's written reply and after hearing his oral reply which was presented on his behalf by Roberta Alford, Union Representative.

SAVE | Previous tab | Next tab

Add | Update/Display

Summary | Events | Narrative

F11-23

Page: 1 Document Name: Untitled

SSN [redacted] AG TF * PERSONNEL ACTIONS SUMMARY * 02/05/04 IR125

SCREEN 000 NAME ZAFAR A KHAN 00015

POSITION CURSOR ON NATURE OF ACTION FIELD, PRESS PF2 FOR NOA [illegible]

| PROCESSED PP | YR | EFF-DATE | NATURE OF ACTION | AGCY | POI | BATCH | USER-ID |
|---|---|---|---|---|---|---|---|
| 24 | 03 | 11 30 03 | 818 RMM | TF | 4152 | 5580 | AT169 |
| 20 | 03 | 09 22 03 | 292 CGM | TF | 4152 | 6780 | C00710 |
| 19 | 03 | 09 21 03 | 818 RMM | TF | 4152 | 0857 | PINE05 |
| 19 | 03 | 09 15 03 | 002 450 VAC | TF | 4152 | 5521 | AT178 |
| 19 | 03 | 04 06 03 | 002 903 ZOO | TF | 4152 | 5521 | AT178 |
| 19 | 03 | 01 26 03 | 002 132 ZLM | TF | 4152 | 5521 | AT178 |
| 19 | 03 | 01 26 03 | 132 ZLM | TF | 4152 | 5621 | AT178 |
| 19 | 03 | 04 06 03 | 001 903 ZOO | TF | 4152 | 5621 | AT178 |
| 19 | 03 | 04 06 03 | 903 ZOO | TF | 4152 | 5621 | AT178 |
| 19 | 03 | 09 15 03 | 001 450 VAC | TF | 4152 | 5621 | AT178 |
| 18 | 03 | 09 15 03 | 450 VAC | TF | 4152 | 6761 | C00710 |
| 18 | 03 | 04 06 03 | 002 903 ZOO | TF | 4152 | 5508 | AT169 |
| 18 | 03 | 01 26 03 | 002 132 ZLM | TF | 4152 | 5508 | AT169 |
| 18 | 03 | 01 26 03 | 132 ZLM | TF | 4152 | 5608 | AT169 |
| 18 | 03 | 04 06 03 | 001 903 ZOO | TF | 4152 | 5608 | AT169 |

0000

PF1 = SUB MENU PF5 = HELP PF8 = PG/DOWN ENTER = INQUIRY CLEAR = EXIT

4-© 1 Sess-1 199.130.205.17 I30I0177 #§ 1/6

F11-24

Name: Mbcoggins - Date: 02/05/2004 Time: 12:05:05